**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltongraham.com

*Attorneys for Plaintiff and the putative*
*FLSA Collective and Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **WILLIAM DISLA CABRERA,** **Individually and on Behalf of All Others Similarly Situated,** | |
| **Plaintiff,** | **CLASS & COLLECTIVE ACTION COMPLAINT** |
| -against- | |
| **BAMBOO YA SUSHI INC, YINGLUN ZHONG, and WAN KWOK TUNG, Jointly and Severally,** | **Jury Trial Demanded** |
| **Defendants.** | |

William Disla Cabrera (the "Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.       Plaintiff is a former back of the house employee at Defendants' restaurant, located in Queens, New York.  For his work, during the relevant time period, Plaintiff was not paid

minimum wage for all hours worked and was not paid overtime premiums for hours worked over forty (40) in a given workweek.

2.       Plaintiff brings this action to recover unpaid minimum wage and overtime premium pay owed to him pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq*. Plaintiff also brings claims for unpaid spread of hours premiums, unpaid wages, and for failure to provide proper wage notices and wage statements pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

3.       Plaintiff brings his FLSA claims on behalf of himself and all other similarly situated employees of Defendants and his NYLL claims on behalf of himself and a Federal Rule of Civil Procedure 23 class of all non-management employees working for Defendants during the six (6)-year period, plus COVID-19 tolling, preceding the filing of this complaint.

## JURISDICTION AND VENUE

4.       This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.       Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.       This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7.       On March 20, 2020, New York Governor Andrew M. Cuomo signed Executive

Order 202.8 in an effort to stem the spread of COVID-19, which tolls for thirty (30) days "any specific time limit[s] for the commencement, filing, or service of any legal action, notice, motion or other process or proceeding" under any New York State laws or court procedural rules. The thirty (30)-day tolling period began on March 20, 2020 and continued until April 19, 2020. On April 7, 2020, Governor Cuomo signed Executive Order 202.14, which extended the tolling period to May 7, 2020. Subsequently, on May 7, 2020, Governor Cuomo issued Executive Order 202.28, tolling all statutes of limitations for an additional thirty (30) days through June 6, 2020. On June 6, 2020, Governor Cuomo issued Executive Order 202.38, tolling all statutes of limitations until July 6, 2020. On July 7, 2020, Governor Cuomo issued Executive Order 202.48 tolling all statutes of limitations until August 5, 2020. On August 5, 2020, Governor Cuomo issued Executive Order 202.55, which tolled all statutes of limitations until September 4, 2020. On September 4, 2020, Governor Cuomo signed Executive Order 202.60, which extended the tolling period an additional thirty (30) days to October 4, 2020. On October 4, 2020, Governor Cuomo issued Executive Order 202.67, which extended the tolling period to November 3, 2020. In total, the Executive Orders set forth herein provided for a toll of two hundred and twenty-eight (228) days.

## **THE PARTIES**

**Plaintiff**:

8.      Plaintiff William Disla Cabrera ("Cabrera") was, at all relevant times, an adult individual residing in Queens County, New York.

9.      Throughout the relevant time period, Plaintiff performed work for Defendants at Bamboo Ya Sushi, located at 69-12 Austin Street, Forest Hills, NY 11375.

10.     Plaintiff consents in writing to be party to this action, pursuant to 29 U.S.C. §

216(b), and his consent form is attached hereto.

**Defendants:**

11.    Bamboo Ya Sushi Inc is an active New York Corporation doing business as "Bamboo Ya Sushi" (hereinafter, "Bamboo Ya Sushi" or the "Corporate Defendant") , with its principal place of business at 69-12 Austin St., Forest Hills, NY 11375.

12.    According to the New York State Department of State, Division of Corporations, Bamboo Ya Sushi Inc, was originally registered under the name of Bamboo Yakusoka Inc. on December 14, 2017 and changed its name to Bamboo Ya Sushi Inc on January 23, 2018.

13.    The Corporate Defendant is an employer of Plaintiff and the Collective and Class Members.

14.    Upon information and belief, Defendant Yinglun Zhong ("Zhong") is an owner and operator of the Corporate Defendant who set the Corporate Defendant's payroll policies, including the unlawful practices complained of herein.

15.    Upon information and belief, Defendant Wan Kwok Tung ("Kwok Tung" and together with Zhong, the "Individual Defendants" and, collectively with the Corporate Defendant, the "Defendants"), also known as "Tony," is an owner and operator of the Corporate Defendant who set the Corporate Defendant's payroll policies, including the unlawful practices complained of herein.

16.    The Individual Defendants maintained operational control over the Corporate Defendant and managed Bamboo Ya Sushi by determining the wages and compensation of employees, paying employees, establishing the schedule of employees, maintaining employee records, and through possessing the authority to hire and fire employees, including Plaintiff.

4

17.    The Individual Defendants employed Plaintiff, and all similarly situated employees, by acting in the interest of each other with respect to the employees, paying the employees by the same methods, and sharing control over the employees.

18.     The Individual Defendants participated in the day-to-day operations of the Corporate Defendant and acted intentionally in their direction and control of Plaintiff and the Defendants' other similarly situated employees, and are each "employers" pursuant to the FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendant.

19.    At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

20.     At all relevant times, Defendants employed, and/or continue to jointly employ, Plaintiff and each of the Collective Action members within the meaning of the FLSA.

21.    At all relevant times, Plaintiff, the opt-in plaintiffs and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

22.    Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00.

## FLSA COLLECTIVE ACTION ALLEGATIONS

23.    Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiff brings his First and Second Causes of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since May 25,
> 2018, and through the entry of judgment in this case (the "Collective

5

Action Period") who worked as non-management employees at Bamboo Ya Sushi located at 69-12 Austin Street, Forest Hills, NY 11375 (the "Collective Action Members").

24.    A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies of failing to pay minimum wage for all hours worked and failing to pay overtime premiums for work performed in excess of forty (40) hours each week.  As a result of these policies, Plaintiff and the Collective Action Members did not receive the legally-required minimum wages for all hours worked and overtime premium payments for all hours worked in excess of forty (40) hours per week.

25.    Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS

26.    Pursuant to the NYLL, Plaintiff brings his Third through Eighth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

All persons employed by Defendants at any time since October 9, 2014 and through the entry of judgment in this case (the "Class Period") who worked as non-management employees at Bamboo Ya Sushi located at 69-12 Austin Street, Forest Hills, NY 11375 (the "Class Members").

27.    The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

28.    The Class Members are so numerous that joinder of all members is impracticable.

6

29.     Upon information and belief, there are in excess of forty (40) Class Members.

30.     <u>The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class</u>. These common questions include, but are not limited to:

a.   whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

b.   whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

c.   whether Defendants failed and/or refused to pay Plaintiff and the Class Members minimum wage for all hours worked;

d.   whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

e.   whether Defendants failed and/or refused to pay Plaintiff and the Class Members spread of hours premiums for days when they worked in excess of ten hours and/or worked a split shift;

f.   whether Defendants failed and/or refused to pay Plaintiff and the Class Members all wages they were owed for a given week within (7) days after end of that week;

g.   whether Defendants failed to provide Plaintiff and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

h.   whether Defendants failed to provide proper wage notice to Plaintiff and Class

7

Members at the beginning of their employment and/or on February 1 of each year as required by the NYLL;

i.  whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

j.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

31.  <u>Plaintiff's claims are typical of the Class Members' claims</u>. Plaintiff, like all Class Members, is a restaurant employee of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiff, like all Class Members, was, *inter alia*, paid less than the statutory minimum wage for all hours worked, was not paid overtime premium pay for hours worked over forty (40) hours in a given workweek, did not receive spread of hours pay for days when he worked in excess of ten (10) hours, did not receive all wages owed for a given week within seven (7) days of the end of that week, and did not receive proper wage statements and wage notices. If Defendants are liable to Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

32.  <u>Plaintiff and his Counsel will fairly and adequately represent the Class</u>. There are no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover his own damages.

33.  Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

34.  <u>A class action is superior to other available methods for the fair and efficient</u>

adjudication of this litigation.

35.    Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  The individual members of the class have no interest or capacity to bring separate actions; Plaintiff is unaware of any other pending litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

**Defendants' Restaurant Business**

36.    Throughout the relevant time period, Defendants have owned, operated and managed two (2) locations of Bamboo Ya Sushi: one location at 69-12 Austin St., Forest Hills, NY 11375 (the "Forest Hills Location") and one location at 97-11 Queens Blvd, Rego Park, NY 11374 (the "Rego Park Location").

37.    Upon information and belief, Defendants have operated the Forest Hills Location since in or around December 2017.

38.    Upon information and belief, Defendants have owned and operated the Rego Park Location since in or around 2011.

39.    Upon information and belief, the Individual Defendants own and operate approximately five (5) additional restaurants in New York City.

40.    Throughout the relevant time period, the Individual Defendants were both a frequent presence at the Forest Hills Location where they supervised employees, oversaw business operations, paid employees, managed the operations of the restaurant and took an active role in

9

ensuring that the business was run in accordance with Defendants' policies and procedures.

41.    Upon information and belief, additional owners and managers of Bamboo Ya Sushi worked at both the Forest Hills and Rego Park Locations, where they supervised employees and managed the business operations of the restaurant.

42.    Upon information and belief, certain employees and food products were transferred between the Forest Hills Location and the Rego Park Location.

43.    Upon information and belief, at all relevant times, the Individual Defendants have had power over payroll and personnel decisions at both locations of Bamboo Ya Sushi, including the power to hire and fire employees, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

**Plaintiff's Work for Defendants**

44.    **Plaintiff William Disla Cabrera** was employed by Defendants at the Forest Hills Location from in or around October 2019 through in or around March 2021, except for approximately three (3) months between March 2020 and June 2020 (the "Disla Cabrera Employment Period"), due to the COVID-19 pandemic, when the restaurant was closed for dine-in service but open for delivery.

45.    Throughout the Disla Cabrera Employment Period, Plaintiff performed a wide variety of duties including dishwashing, food preparation, kitchen and basement cleaning, receiving and unloading deliveries, making deliveries, cleaning the exterior of the restaurant, and shoveling snow. Plaintiff spent a majority of his time performing non-tipped work.

46.    From the beginning of the Disla Cabrera Employment Period through in or around March 2020, Plaintiff typically worked five (5) days per week with Sundays and Mondays off.

10

During this period, Plaintiff Disla worked the following hours: Tuesdays through Thursdays from 11:00 am to 10:30 pm or sometimes later; Fridays from 11:00 am to 11:30 pm; and Saturdays from 12:00 pm to 11:30 pm. In total during this period, he typically worked approximately fifty-eight and one-half (58.5) hours per week.

47.    When Plaintiff Disla returned to work at the restaurant, from in or around June 2020 through in or around the last week of December 2020, Plaintiff typically worked six (6) days per week with Thursdays off. During this period, Plaintiff Disla generally worked the following hours: Mondays through Wednesdays from 11:00 am to 11:00 pm; Fridays from 11:00 am to 12:00 am (midnight); on Saturdays he typically worked from 12:00 pm to 12:00 am, and on Sundays he typically worked from 12:00 pm to 11:00 pm. During this period, Plaintiff Disla typically worked approximately seventy-two (72) hours per week.

48.    Between approximately the last week of December 2020 through on or about February 12, 2021, Defendants again closed the restaurant to dine-in service but continued to offer delivery. During this period, Plaintiff Disla worked a reduced schedule at the restaurant. Specifically, he typically worked six (6) days per week from approximately 4:00 pm to 11:00 pm, and sometimes later, for a total of approximately forty-two (42) hours per week.

49.    From on or about February 12, 2021 until the end of his employment period in or around March 2021, Plaintiff Disla worked an increased schedule. During this period, Plaintiff Disla typically worked five (5) days per week, with Wednesdays and Thursdays off, with the following hours:  Mondays and Tuesdays, from approximately 11:00 am to approximately 11:00 pm; Fridays, from approximately 11:00 am to approximately 12:00 am; Saturdays, from approximately 12:00 pm to approximately 12:00 am; and Sundays from approximately 12:00 pm

to approximately 11:00 pm, for a total of approximately sixty (60) hours per week.

50.     Plaintiff was initially referred to work at Bamboo Ya Sushi through an employment agency, which informed him that he would be paid five hundred and fifty dollars ($550.00) per week. When he was hired, Defendants informed him that he would be paid eleven dollars ($11.00) per hour. At no time did anybody discuss overtime payment with Plaintiff even though he was scheduled to work well in excess of forty (40) hours per week.

51.     Throughout the Disla Cabrera Employment Period, Plaintiff was typically paid on a biweekly basis.

52.     When Plaintiff worked five (5) days per week, he was paid $1,100.00 for each two-week pay period. When he worked six (6) days per week, except for the period between late December 2020 and February 2021 when he worked a reduced schedule, he was paid $1,260.00 per two-week pay period.

53.     During the time period when Plaintiff Disla was working fewer hours per week, from approximately December 2020 to in or around February 2021, Plaintiff Disla was paid $746.00 per two-week pay period.

54.     At the beginning of the Disla Cabrera Employment Period, Plaintiff was paid in cash. Beginning in June 2020, after Plaintiff returned following the March 2020 closure of dine-in service, Plaintiff received his wages via a corporate check.

55.     At no time during the Disla Cabrera Employment Period did Defendants provide Plaintiff with any means of tracking his hours worked. Plaintiff believes that he was paid according to his scheduled hours.

56.     Throughout the Disla Cabrera Employment Period, Plaintiff was not aware whether

12

Defendants considered his wages a flat weekly salary or hourly pay at straight-time rates. His weekly pay typically did not vary with week-to-week changes in his hours worked but changed when his schedule was reduced or increased.

57.     At no time during the Disla Cabrera Employment Period did Plaintiff receive overtime premium pay consisting of one and one-half (1.5) times his regular hourly rate for hours he worked in excess of forty (40) hours per week, nor did he receive spread of hours premium pay consisting of one (1) extra hour's pay at the applicable minimum wage for days that he worked in excess of ten (10) hours per day, which he typically did.

58.     At no time during the Disla Cabrera Employment Period did Defendants provide Plaintiff with a paystub or wage statement showing his hourly rate(s), any deductions or withholdings taken by Defendants, his gross wages, and his hours worked.

59.     At no time during the Disla Cabrera Employment Period did Defendants provide Plaintiff with a wage notice setting forth his hourly rate(s), any deductions or credits used by Defendants in calculating Plaintiff's wage, his regular payday, or other information required by NYLL § 195(1) in his native language, which is Spanish.

60.     Plaintiff observed at least sixteen or seventeen (16-17) employees working for Defendants at any given time, including eight (8) front of the house employees, two (2) delivery employees, and six or seven (6-7) back of the house employees.

**Defendants' Unlawful Corporate Policies**

61.     Plaintiff and the Collective Action and Class Members were all paid pursuant to the same corporate policies of Defendants, including failing to pay minimum wages, overtime premiums, and spread-of-hours premiums and failing to provide wage notices and wage

statements.

62.    Plaintiff has spoken with and is aware of other employees of Defendants who were similarly paid low rates below minimum wage for all hours worked and did not receive overtime premiums when they worked in excess of forty (40) hours per week or spread-of-hours premiums when they worked in excess of ten (10) hours in a day. Defendants' failure to pay minimum wages, overtime premiums and spread-of-hours premiums are corporate policies of Defendants that apply to all non-management employees throughout the Class Period.

63.    Plaintiff has spoken with and is aware of other employees of Defendants who did not receive wage notices or wage statements or paystubs. Defendants' failure to provide wage notices and wage statements are corporate policies of Defendants that apply to all non-management employees throughout the Class Period.

64.    Throughout the Class Period and, upon information and belief, continuing until today, Defendants have likewise employed other individuals like Plaintiff in positions that require little skill and no capital investment.

65.    Defendants' policy of paying certain employees including Plaintiff on a "salary" basis rather than an hourly basis after January 1, 2011, violated 12 N.Y.C.R.R. § 146-2.5.

66.    Upon information and belief, throughout the Class Period and continuing until today, Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

### FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

64.      Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

65.      By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

66.      The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

67.      Defendants' failure to pay minimum wages for all hours worked caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiff and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

68.      Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

69.     By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

70.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

71.     Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID MINIMUM WAGE**
**(Brought on Behalf of Plaintiff and the Class Members)**

72.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

73.     Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

74.     Defendants' failure to pay minimum wage for all hours worked caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably

delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## FOURTH CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID OVERTIME
### (Brought on Behalf of Plaintiff and the Class Members)

75.    Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

76.    Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

77.    Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon.  Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## FIFTH CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS
### (Brought on Behalf of Plaintiff and the Class Members)

78.    Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

79.    Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than ten (10) hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

80.    Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon.  Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

### SIXTH CAUSE OF ACTION
### NEW YORK LABOR LAW - FAILURE TO PAY WAGES
**(Brought on Behalf of Plaintiff and the Class Members)**

12.    Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

13.    Pursuant to NYLL § 191 and the cases interpreting same, workers such as Plaintiff and the Class Members are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which wages are earned." Thus, Defendants violated NYLL § 191 by failing to pay Plaintiff and the Class Members all of their wages earned within the week such wages were due.

14.    Pursuant to NYLL § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiff and the Class Members, that is not otherwise authorized by law

or by the employee.

15.     By withholding wages and overtime compensation from Plaintiff and the Class Members, pursuant to NYLL § 193 and the cases interpreting same, Defendants made unlawful deductions in wages owed to Plaintiff and the Class Members.

16.     Defendants' failure to pay Plaintiff and the Class Members wages of any kind for several hours of work each week violated NYLL §§ 191 and 193.

17.     Defendants' failure to comply with NYLL §§ 191 and 193 caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants his unpaid wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**SEVENTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICES**
**(Brought on Behalf of Plaintiff and the Class Members)**

81.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

82.     Defendants have willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195, in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff's and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable;  the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the

employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

83.     Due to Defendant's violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendant fifty dollars ($50.00) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

### EIGHTH CAUSE OF ACTION
### <u>NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS</u>
#### (Brought on Behalf of Plaintiff and the Class Members)

84.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

85.     Defendants have willfully failed to supply Plaintiff and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

86.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants two hundred and fifty dollars ($250.00) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

a.     Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b.     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

c.     An order tolling the statute of limitations;

d.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

21

e.    An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.    An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.    An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.    An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten (10) hours;

i.    Fifty dollars ($50.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195(1) occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-b;

j.    Two hundred and fifty dollars ($250.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195(3) occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d;

k.    An award of prejudgment and post-judgment interest;

22

l.       An award of costs and expenses of this action together with reasonable attorneys'

and expert fees; and

m.      Such other and further relief as this Court deems just and proper.

<u>**DEMAND FOR TRIAL BY JURY**</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by the complaint.


Dated:  New York, New York
        May 25, 2021

                                        Respectfully submitted,

                                        **PELTON GRAHAM LLC**

                                        By: _____
                                        Brent E. Pelton (BP 1055)
                                        pelton@peltongraham.com
                                        Taylor B. Graham (TG 9607)
                                        graham@peltongraham.com
                                        111 Broadway, Suite 1503
                                        New York, NY 10006
                                        Telephone: (212) 385-9700
                                        Facsimile: (212) 385-0800

                                        *Attorneys for Plaintiff and the putative*
                                        *FLSA Collective and Class*

**Notice of Shareholder Liability for Services Rendered
Pursuant to § 630 of the Business Corporation Law of New York**

Pursuant to the provisions of § 630 of the Business Corporation Law of New York ("NYBCL"), the ten (10) largest shareholders of BAMBOO YA SUSHI INC are hereby notified that the plaintiff in this matter, individually and on behalf of the putative FLSA collective and class he seeks to represent, intends to enforce your personal liability, as the ten (10) largest shareholders of BAMBOO YA SUSHI INC, and to charge you with indebtedness of said corporation to the plaintiffs for services performed for the corporation as employees during the six (6)-year period preceding the filing of the complaint.

Plaintiff's services for the above-referenced corporation ended within 180 days of the filing date of this complaint.

Dated: May 25, 2020

_____
Brent E. Pelton, Esq.

*Attorneys for Plaintiff and the putative
FLSA Collective and Class*

24

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of **Bamboo Ya Sushi Inc., Bamboo Yakusoka Inc.** and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me overtime wages and minimum wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct.  I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.  I understand that I will be represented by Pelton Graham LLC without prepayment of costs or attorneys' fees.  I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first.  I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf.  I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

DocuSigned by:

_William_

EEB52487B08140D...

Signature

DocuSigned by:

_William_

EEB52487B08140D...

Printed Name

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal en mi nombre y representación en contra de Bamboo Ya Sushi Inc., Bamboo Yakusoka Inc. y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados para que me sean pagados las horas extras y los salarios mínimos tal como lo requieren las normas estatales y/o federales e igualmente autorizo la presentacion de este consentimiento en la acción(es) con el fin de debatir la conducta ilegal. Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos inicialmente de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío.  Yo entiendo que los valores de retención de los abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

DocuSigned by:

_William_

EEB52487B08140D...

Firma

DocuSigned by:

_William_

EEB52487B08140D...

Nombre Escrito

This is a complete and accurate translation of the English "Consent to Become a Party Plaintiff" form above.